BOLDING et al. v. BOLDING et al.
(No. 5822.)

(Court of Civil Appeals of Texas. Austin. Jan. 2, 1918. On Motion for Rehearing, Feb. 13, 1918.)

1. BILLS AND NOTES �ule344—PURCHASE AFTER MATURITY—NOTICE.

Where eight vendor's lien notes were sold to a trust company, indorsed in blank, and, the notes being overdue, the trust company sent four of them to a bank for collection, the subsequent purchaser of the notes was affected with notice that the payee had parted with his title to them, and her purchase of them did not affect the priority of the trust company's lien as to the remaining four notes.

2. PARTNERSHIP ⟫156—ACTS OF PARTNER—ESTOPPEL AGAINST OTHER.

Where a partner, in inducing his sister to purchase certain vendor's lien notes, acted for the benefit of the firm, his partner was estopped to say that so far as he was concerned the sister in purchasing the notes did not acquire a vendor's lien against the land of the partnership.

3. PARTNERSHIP ⟫179—LIABILITY OF PROPERTY FOR DEBTS OF FIRM—RIGHT OF PARTNER TO DEMAND APPLICATION.

Partnership property is liable for partnership debts, and each partner has the right to demand that it be so applied.

4. JUDGMENT ⟫18(2)—PLEADINGS TO SUPPORT.

Where a partner alleged that his suit was brought to obtain a settlement of partnership accounts, and defendant partner and his sister alleged that the debts due the sister were partnership debts, the pleadings were sufficient basis for decree subjecting the partnership prop-

---

erty, after payment of prior liens, to the payment of the partnership debts to the sister.

### On Motion for Rehearing.

5. PRINCIPAL AND AGENT ⚖⟶177(6)—KNOWLEDGE OF AGENT—IMPUTATION TO PRINCIPAL.

The purchaser of notes from a trust company, through an agent who knew that the trust company did not propose to sell the notes, but was demanding payment from the agent who had assumed their payment, was bound by the knowledge of her agent, and, as against the rights of the trust company under the notes, acquired nothing.

6. PARTNERSHIP ⚖⟶152—ACT OF PARTNER—BINDING FORCE.

Where a partner who had assumed payment of vendor's lien notes, in purchasing them for a sister from a trust company, represented the partnership as well as his sister, and, by the pretended sale, received the money of his sister, and applied it to the benefit of the firm, the sister having no actual knowledge that the trust company was not willing to sell the notes, as between her and the firm, her brother was the agent of the partnership, which was bound by his representations that the sister was acquiring title to the notes, consequently the vendor's lien for their security.

Error from District Court, Tom Green County; J. W. Timmins, Judge.

Action by J. P. Bolding and others against B. R. Bolding and others. To review the judgment, defendants Bolding bring error. Reversed, with instructions.

S. E. Taylor, of San Angelo, and Warren & Briggs, of Gilmer, for plaintiffs in error. Blanks, Collins & Jackson, of San Angelo, for defendants in error J. P. and Delia Bolding. Wright & Harris, of San Angelo, for defendant in error Concho Valley Loan & Trust Co.

### Findings of Fact.

JENKINS, J. (1) J. P. Bolding owned the 125-acre tract of land mentioned in the pleadings herein, and W. H. Bolding held certain vendor's lien notes against the same. By agreement of said parties this land was sold to R. L. Williams at an agreed valuation of $12,500, a drug store being taken in part consideration, and vendor's lien notes for the remainder.

(2) Said parties agreed to become equal partners in the drug business, each to contribute a like amount of capital.

(3) J. P. Bolding put into the business $3,400 more than was put in by W. H. Bolding.

(4) Williams failed to pay for the 125 acres of land, and deeded it to J. P. and W. H. Bolding, the consideration being the cancellation of his notes.

(5) J. P. and W. H. Bolding borrowed from the Concho Valley Loan & Trust Company for the drug business $2,000, and executed a deed of trust on the 125 acres to secure the same.

(6) The trust company sold this note and mortgage to B. R. Bolding, and the same is past due and unpaid.

(7) J. P. and W. H. Bolding traded the drug store to W. J. McDonald for the 160 acres of land described in the pleadings herein, and assumed the payment of eight vendor's lien notes theretofore executed by McDonald to T. J. Neal in part payment of same.

(8) Neal sold these eight notes to the trust company, and indorsed the same in blank.

(9) The first three of these notes being past due and unpaid, W. H. Bolding, who lived at Mt. Pleasant, in Titus county, wrote to the trust company that he could find a purchaser for them. The Trust Company answered that they would not sell these notes, and that unless they and the accrued interest on all of the notes were paid they would bring suit on all of them. W. H. Bolding replied, requesting that the notes be sent to a bank at Mt. Pleasant for collection. This was done, and the bank remitted the amount due on the three notes, together with the interest due on all of the notes. When the fourth note became due, it was sent to the bank at Mt. Pleasant for collection, and the bank remitted to the trust company the amount due thereon. The trust company supposed that these notes and the interest had been paid by W. H. Bolding.

(10) In fact, W. H. Bolding sold these notes to his sister, B. R. Bolding, who had no actual notice of the bank trust company's refusal to sell them. She also paid the interest on the remaining notes.

(11) B. R. Bolding also took up certain notes which represented partnership indebtedness of J. P. and W. H. Bolding.

(12) On January 15, 1916, J. P. Bolding sued out and had levied a writ of attachment on certain lots in San Angelo owned by W. H. Bolding, alleging an indebtedness against him of $1,220.75.

### Opinion.

From the judgment rendered by the court, of which it is unnecessary to state further than the same is complained of by the appeal herein, B. R. and W. H. Bolding have sued out a writ of error.

We do not think that reversible error was committed in overruling W. H. Bolding's special exception, nor in refusing to admit the testimony of the witness Bullock as to the value of the 125-acre tract of land. We think that the court erred in not foreclosing the vendor's lien in favor of B. R. Bolding on the four notes owned by her, subject to the prior vendor's lien held by the trust company to secure the payment of the four notes held by it.

[1] In so far as the purchase of said notes from the trust company was concerned, W. H. Bolding had no authority to sell them. They were not sent to him, but to the bank for collection, and the bank did not undertake to sell them. It is true they were indorsed in blank by Neal, and a purchaser of the same before maturity would have obtained title thereto. But the notes being overdue,

the purchaser was affected with notice that Neal had parted with his title thereto, and her purchase of them under the circumstances did not affect the priority of the trust company's lien as to the remainder of the notes.

[2] However, W. H. Bolding in inducing B. R. Bolding to purchase these notes was acting for the benefit of the drug firm of which he was a partner, and we do not think it lies in the mouth of J. P. Bolding to say that, so far as he is concerned, B. R. Bolding in purchasing said notes did not acquire a vendor's lien against the land then and now owned by said copartnership. B. R. Bolding had no notice of the refusal of the trust company to sell said notes. She simply accepted the proposition made to her by W. H. Bolding to buy the notes, and authorized him to draw her check on her account with the bank to pay for them. The notes were delivered to her.

[3] We also think that the trial court erred in overruling the motion of W. H. Bolding and B. R. Bolding to decree that the partnership property, after the payment of prior liens, should be subjected to the payment of the partnership debts owing to B. R. Bolding and unsecured by her mortgage or vendor's liens. It is elementary that partnership property is liable for partnership debts, and such partner has the right to demand that it be so applied. Williams v. Meyer, 64 S. W. 70; Wiggins v. Blackshear, 86 Tex. 665, 26 S. W. 940; Moore v. Steele, 67 Tex. 435, 3 S. W. 450.

[4] Appellant J. P. Bolding contends that the pleadings were not sufficient as a basis for such decree. We think they were. J. P. Bolding alleged that this suit was brought to obtain a settlement of partnership accounts. Both W. H. and B. R. Bolding alleged that the debts due B. R. Bolding were partnership debts, and the court found such to be the fact.

On account of the errors committed in the trial of this case, we reverse and remand the same, with instructions to the trial court to enter judgment herein as follows:

1. In favor of the trust company against J. P. and W. H. Bolding for its debt, principal, interest, and attorney's fees, as evidenced by the four vendor's lien notes held by it, with foreclosure of its vendor's lien on the 160 acres of land, with execution for any unpaid balance after applying the proceeds of the sale of said land to payment of its judgment. The remainder of such proceeds, if any, to be paid to B. R. Bolding on her judgment, as hereinafter directed in the next paragraph hereof. The remainder, if any, after satisfying her said judgment, to be paid into the registry of the court.

2. In favor of B. R. Bolding against J. P. and W. H. Bolding for the amount of her debt, principal, interest, and attorney's fees, as evidenced by the four vendor's lien notes held by her, and her debt by reason of her payment of interest on the eight vendor's lien notes, and foreclosure of her vendor's lien, subject to the prior lien of the trust company mentioned in paragraph 1 of these directions, with execution for balance remaining unpaid, if any, after applying the proceeds of the sale of said 160 acres of land as directed in said paragraph No. 1 and in this paragraph.

3. In favor of B. R. Bolding against J. P. and W. H. Bolding for the amount, principal, interest, and attorney's fees, as evidenced by the $2,000 note held by her, and foreclosure of her mortgage lien on the 125 acres of land, with execution for balance should the proceeds of the sale of said land be not sufficient to satisfy her judgment as directed in this paragraph. The balance of the proceeds of such sale, if any, to be applied to the payment of the judgment of B. R. Bolding, as directed in the next paragraph hereof, to the extent of such judgment. Should the proceeds of the sale of the 125 acres exceed the amount necessary to satisfy the judgment directed in this paragraph and the judgment in favor of B. R. Bolding directed in the next paragraph hereof, the remainder to be paid into the registry of the court.

4. In favor of B. R. Holding against J. P. and W. H. Bolding in addition to the amounts mentioned in paragraphs 2 and 3 hereof, for the amounts, principal, interest, and attorney's fees, of the notes held by her, the proceeds of which were used in paying the partnership debts of J. P. and W. H. Bolding, whether said notes were signed by both of said partners or by J. P. Bolding only. Should any money remain in the registry of the court after satisfying the lien judgments herein directed, the same to the extent of the judgment directed in this paragraph shall be paid to B. R. Bolding.

5. Should any money remain in the registry of the court after satisfying all of the judgments hereinbefore directed, and all costs herein incurred, the same to the extent of the $3,400 excess advanced by J. P. Bolding on the partnership account shall be paid to said J. P. Bolding. Should any excess still remain, the court shall partition the same equally between J. P. and W. H. Bolding, and, for the purpose of making such partition, the court shall retain jurisdiction hereof until it be ascertained whether or not there is anything left to be partitioned.

6. Should J. P. Bolding not be repaid the excess contributed by him to the partnership as herein provided, judgment shall be rendered in his favor against W. H. Bolding for one-half of such excess remaining unpaid, and in such event, he shall have judgment foreclosing his attachment lien hereinbefore referred to, and execution for any balance

after the sale of said lots under said attachment, and the trial court shall retain jurisdiction hereof until it be ascertained whether or not it becomes necessary to foreclose such attachment lien.

Reversed, with instructions.

### On Motion for Rehearing.

Appellants contend that we are inconsistent in holding that B. R. Bolding did not acquire the vendor's lien as against the trust company by her purchase of the four vendor's lien notes, but that she did thereby acquire a vendor's lien as against the partnership of J. P. and W. H. Bolding.

[5, 6] Our view of this matter is this: B. R. Bolding supposed that she was purchasing these notes from the trust company; but as in said transaction she acted through W. H. Bolding, who knew that the trust company did not propose to sell said notes, but was demanding their payment, she is bound by the knowledge of her agent, and as against the rights of the trust company she acquired nothing. As W. H. Bolding in said transaction was also representing the partnership of which he was a member, and by the pretended sale of said notes received the money of B. R. Bolding, and applied the same to the benefits of the partnership, and as B. R. Bolding had no actual knowledge that the trust company was not willing to sell said notes, as between her and the partnership, W. H. Bolding was the agent of the partnership, and the partnership is bound by his representations that B. R. Bolding, by the payment of the principal and interest of said notes, was acquiring title to the same, and consequently the vendor's lien for their security. We think that J. P. Bolding is estopped from repudiating the transaction consummated by his partner for the payment of a partnership debt.

The motion for a rehearing is overruled.

Overruled.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes